## INGE, et al. v. FORRESTER.

1. A testator, by will, directs that certain persons shall have full power and control over the property described in the will, "to be used and managed at their discretion, for the mutual use, benefit and interest of his daughter," (she then being a *feme covert,*) "and her surviving children : and as they come of age or marry, the property to be equally divided between her and them." This does not invest the wife with a separate estate ; nor is the interest liable to subjection, by a suit in equity, for the payment of a promissory note executed by her together with her husband. Nor can the husband's interest in it be reached in a suit, where the allegations of the bill charge the estate to be one to the separate use of the wife.

WRIT of error to the Court of Chancery for the 22d Chancery District.

The case made by the bill is this. The complainant, as a car-

penter, in January, 1839, made a contract with Mrs. Inge, then and now the wife of Francis Inge, to perform certain work on a house for Samuel Inge, their son. When making the contract, it was distinctly understood, that the husband was insolvent, and the work was to be performed on the credit of the wife, who then, and yet has a large separate estate. After the work was performed, both husband and wife executed their joint and several note, dated 29th April, 1840, for eight hundred fifty dollars, with interest from date, payable to complainant on the 1st of March then next. Other work, to the value of 387 dollars, was also performed by the complainant, on the credit of Mrs. Inge; but this she refused to include in the note. Samuel Inge is alleged to be the trustee in whose name the separate estate is held. Both Francis and Samuel Inge are charged to be insolvent; and the prayer of the bill is, for a discovery of the separate estate of Mrs. Inge, and that payment of the note may be decreed out of it.

All the defendants answer, and concur in denying that a contract was made by Mrs. Inge, with the complainant. for the performance, or for the payment of the work. The execution of the note is admitted, but Mrs. Inge insists, that it was without any consideration as between her and the complainant; that she gave it at the request, and in order to oblige her husband. Francis Inge asserts, that when the note was executed, he informed the complainant that Mrs. Inge had no separate estate, and that her name to the note would be of no value. He also alleges the payment of 359 dollars, and the purchase of land of him, by the complainant, for 400 dollars more, which he asserts should be credited on the note. All the defendants deny that Mrs. Inge is entitled to a separate estate, though they admit that Samuel Inge holds lands, slaves and other property, under the will of her father, in trust for Mrs. Inge and her children.

This will is made an exhibit, and the clause which relates to the property, sought to be charged by this suit, is in these terms:

"It is my wish and desire, that the above named men (Sol. Williams and John A. Williams) should have full power and control over all the following property, to be used and managed at their discretion, for the mutual use, benefit and interest of my daughter, Rebecca Inge, and her surviving children; and as they come of age, or marry, that the following negroes to be equally divided between her and them, to wit: (here follow the names of 34

slaves, all of which, but one, are said in the will to be in her pos-
session;) and at the death of my wife, (here is inserted the names
of 17 more slaves.)   It is my wish that, at the death of my daugh-
ter, Rebecca, all the lands that she now lives on, with the follow-
ing items, purchased at the sale of Francis Inge, be sold and di-
vided among the children as above."   (Here is inserted a de-
scription of several articles of household and kitchen furniture.)

The insolvency of Francis Inge is admitted.   No evidence was
taken by either party; and the chancellor, on the final hearing
upon the bill, answers and exhibits, decreed that the complain-
ant recover of Mrs. Inge 997 33-100 dollars, the amount then
due upon the note, and also the costs of this suit, to be paid and
discharged out of her interest, and share in the profits and in-
come arising out of the trust estate devised and bequeathed to her
and her children by the will of Samuel Williams, deceased.

That Richard J. Inge, (he having been substituted as trustee
in place of Samuel Inge, at the request of Mrs. Inge, and made
a party to the cause by a previous order,) should pay the same
out of any profits or income derived from the trust estate, being
the share of Mrs. Inge in the same, if any such was in his hands;
and if there was none, then to retain her share as the income might
accrue; and apply the same to the payment of the amount decreed,
until the whole, including interests and costs, should be fully paid.

The trustee was also directed to report, at the next term of the
court, what he should do in the premises; and, also, in what the
trust property consists, with its yearly income and profits.

This decree is now assigned as error.

Murphy and B. F. Porter, for the plaintiff in error, made the
following points:

1. A *feme covert*, in general, cannot bind her person or pro-
perty.   [2 Story's Eq. 625.]

2. The contract here, indicated no intention of binding the sep-
arate estate; and that is the only contingency which will author-
ize a decree against it.   [2 Story's Eq. 626, n. 1; 1 Dess. 174.]

3. If the separate estate is bound here, it is so connected with
the interests of children, that it cannot be reached by a creditor.
[2 Am. Eq. Di. 24, § 7; 1 Har. & Bar. Eq. Dig. 245, § 7.]

4. The estate of a *feme covert* cannot be bound by implication.
[Forest v. Robinson, 4 Porter, 44; 1 Dess. 180.]

Peok, *contra.*

GOLDTHWAITE, J.—The view which we take of the trust created by the will of Mrs. Inge's father, renders it unnecessary to determine any other question connected with the case.

The slaves named in the will are committed to the charge of the persons therein named, with full power and control, to be used and managed at their discretion, for the mutual use, benefit and interest of Mrs. Inge and her surviving children, and are to be equally divided between her and them, as they become of age, or marry. At her death, the lands, on which the will states she was, at the time of its execution, then living, with certain household and kitchen furniture, were to be sold and divided between her children, as before stated. Although this is an equitable estate merely, in the *cestuis que trust*, there is nothing in the terms used which warrants us to construe Mrs. Inge's portion as settled upon her for her sole and separate use.

The rule is, that to create an estate for the separate use of a *feme sole*, that intention must clearly appear upon the face of the instrument. [Clancy 262 to 270; Dunn v. The Bank of Mobile, 2 Ala. Rep. N. S. 152; Lamb v. Wragg & Stewart, 8 Porter, 73.] Here, there is an entire absence of any expressions from which such intention can be inferred, and the equitable interest of Mrs. Inge, under the will, is in the same condition, with respect to the marital rights of the husband, as any other equitable estate belonging to a wife. It is true, with reference to all such estates, that whenever the husband goes into equity to obtain possession, either of the estate, or of its rents and profits, the court will compel an equitable settlement upon the wife. [Atherly on Marriage Sett. 350.]

Mrs. Inge, having no separate estate, then. in the property sought to be charged, so far as is made to appear by the answer, it is immaterial what the rights of the husband are; because the bill is not framed for the purpose of subjecting those rights.

The result of this conclusion is, that the bill ought to have been dismissed at the hearing, upon the answer and exhibits.

Decree reversed, and here rendered, dismissing the bill.